UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| IDELFONSO BOLANO<br><br>Plaintiff,<br><br>v.<br><br>AUTO SAFE & SOUND, INC.<br><br>Defendant. | Case No.: |

### - COMPLAINT AND DEMAND FOR JURY TRIAL -

Plaintiff IDELFONSO BOLANO by and through the undersigned counsel, hereby files this Complaint against the above-named Defendant, AUTO SAFE & SOUND, INC.

### NATURE OF THE CASE

1. This is an action brought by Plaintiff IDELFONSO BOLANO, (hereafter "Plaintiff") against his former employer, Defendant AUTO SAFE & SOUND, INC. (hereafter referred to as "Defendant") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. Plaintiff IDELFONSO BOLANO performed work for Defendant in excess of forty hours in a workweek for which he was not compensated at one-and-a-half times his regular rate of pay. Additionally, Defendant failed to compensate Plaintiff minimum wage for all hours worked.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in the Tampa Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Hillsborough County has the greatest nexus with the cause because it is the place where Plaintiff provided services and Defendant conducted business.

## PARTIES

5. Plaintiff, IDELFONSO BOLANO, a resident of Hillsborough County, was a former employee of Defendant who worked at AUTO SAFE & SOUND, INC. in Tampa, Florida.

6. Defendant AUTO SAFE & SOUND, INC. provides commercial and retail car care services in Tampa Bay, specifically auto detailing, car wash, window tinting, carbon fiber wraps, smartphone integration, security systems, leather kit installation/reconditioning, and bodywork.

7. Defendant AUTO SAFE & SOUND, INC. is a corporation organized and existing under and by virtue of the laws of Florida.

## COVERAGE

8. Defendant AUTO SAFE & SOUND, INC. is an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

9. Defendant AUTO SAFE & SOUND, INC. uses credit lines, wire transfers and/or credit card payments to entities outside the state of Florida, to purchase electronics, cleaning supplies, window tinting, carbon fiber, wraps, radars, security systems, stereos, amplifiers, CD players, DVD systems, speakers, and/or subwoofers. Defendant sells such products in the stream of commerce and accepts payment from customers through credit cards and checks from banks located outside the state of Florida. Defendant also hosts one or more websites viewed by potential customers across state lines, and send faxes, emails, and other communications across state lines.

10. Upon information and belief, Defendant's annual gross volume of sales exceeded $500,000/year at all relevant times.

11. Defendant AUTO SAFE & SOUND, INC. is an employer within the definition of the FLSA, 29 U.S.C. § 203.

12. During the term of his employment, Plaintiff IDELFONSO BOLANO was engaged in commerce and was therefore subject to the individual coverage of the FLSA. 29 U.S.C. § 206.

13. The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendant.

14. Plaintiff was a covered employee for purposes of the FLSA pursuant to 29 U.S.C. § § 207 and 206.

## FACTUAL BACKGROUND

15. Plaintiff IDELFONSO BOLANO was employed by Defendant AUTO SAFE & SOUND, INC. from 2005 to October 2019.

16. Plaintiff held a driver position at the time of separation.

17. Plaintiff's duties included driving (locally) to the automobile auction.

18. Plaintiff was an hourly/ employee.

19. Plaintiff's last hourly rate was $17.00 per hour.

20. During his employment with Defendant, Plaintiff was classified as non-exempt.

21. Plaintiff did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

22. Defendant AUTO SAFE & SOUND, INC. deducted from Plaintiff's wages alleged auto repairs (identified erroneously as advances).

23. It is currently unknown whether the alleged repairs were accurate, covered by insurance, or performed. Upon information and belief, Defendant also deducted uniforms and identified them as advances.

24. As a result of the wage deductions, Defendant AUTO SAFE & SOUND, INC. reduced Plaintiff's wages below the statutory minimum wage, and below the applicable overtime compensation.

25. Plaintiff IDELFONSO BOLANO worked approximately 40 regular hours and 3.40 overtime hours during his last workweek.

26. Defendant AUTO SAFE & SOUND, INC did not pay wages or overtime compensation to Plaintiff for the last workweek, as shown below.



27. Defendant's actions were willful and/or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

28. Plaintiff's time and payroll records (including the hours worked in each workweek) should be in Defendant's custody and control, pursuant to 29 C.F.R. § 516. However, the accuracy, completeness, and sufficiency of such records is unknown.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

29. Plaintiff IDELFONSO BOLANO re-alleges and incorporates the allegations contained in Paragraphs 1 through 28 above.

30. Defendant AUTO SAFE & SOUND, INC. failed to pay Plaintiff properly for all hours worked in excess of forty (40) hours in a workweek in compliance with the FLSA.

31. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

32. As a result of Defendant's willful violation of the FLSA, Plaintiff IDELFONSO BOLANO is entitled to damages, liquidated damages, pre-judgment interest, attorney's fees, and costs.

## COUNT II
## FLSA MINIMUM WAGE VIOLATIONS

33. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 28 above.

34. Plaintiff IDELFONSO BOLANO performed work for Defendant AUTO SAFE & SOUND, INC. for which he was not compensated.

35. Defendant AUTO SAFE & SOUND, INC. did not pay Plaintiff the minimum wage required by the FLSA by failing to compensate the hours worked during the last workweek, as described above.

36. The actions of Defendant of failing to pay Plaintiff the statutory minimum wage constitute a violation of 29 U.S.C. §206.

37. Defendant's actions were willful and/or showed reckless disregard for the provisions of the F.L.S.A.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff IDELFONSO BOLANO respectfully requests judgment against Defendant AUTO SAFE & SOUND, INC., and the following damages:

a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

c. Pre-judgment interest;

d. Attorneys' fees and costs as provided by 29 U.S.C. § 216(b);

e. Plaintiff's minimum wage rate;

f. Liquidated damages in an amount equal to the unpaid minimum wages owed in accordance with 29 U.S.C. § 216(b);

g. Such further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

38. Plaintiff requests a jury trial to the extent authorized by law.

Dated: November 20, 2019.        Respectfully submitted,

**CYNTHIA GONZALEZ P.A.**
1936 W MLK Blvd.
Suite 206
Tampa, Florida 33607
Telephone: 813.333.1322
Toll free: 888.WagesDue
Fax: 866.593.6771
 WagesDue.com

<u>s/ Cynthia Gonzalez</u>
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff
cynthia@wagesdue.com