```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

IDELFONSO BOLANO,

    Plaintiff,

v.                              Case No. 8:19-cv-2871-T-33JSS

AUTO SAFE & SOUND, INC.,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion to Approve Settlement (Doc. # 26), filed on February 24, 2020. The Court grants the Motion.

**I.   Background**

Plaintiff Idelfonso Bolano filed this Fair Labor Standards Act (FLSA) case against his former employer on November 20, 2019, alleging violations of the overtime and minimum-wage provisions of the FLSA. (Doc. # 1). On December 2, 2019, the Court issued its FLSA Scheduling Order. (Doc. # 9). Defendant Auto Safe & Sound, Inc. filed its answer on January 6, 2020. (Doc. # 16).

Pursuant to the FLSA Scheduling Order, Bolano filed his Answers to the Court's Interrogatories on January 14, 2020. (Doc. # 17). It appears from the Court-ordered discovery that

1

Bolano primarily takes issue with his last paycheck, issued in October 2019. It shows that he worked 40 regular hours that week at a rate of $17 per hour, 1.35 overtime hours at a rate of $25.50 per hour, but that he also had $892.42 in "advances" deducted, along with a $290 "uniform" charge. (Id. at 2). He claims that he worked 40 regular hours and 3.04 overtime hours during that last week for which he was not paid. (Id. at 3). He claims that these deductions for "advances" and "uniforms" illegally reduced his wages below the statutory minimum wage and below the applicable overtime compensation. (Id. at 2).

In his Answers, Bolano claimed that he was seeking $1,433.40 in total from Auto Safe & Sound, which included $680 in back regular wages, $86.70 in overtime compensation, $376.70 in liquidated damages, and refund of the $290 uniform credit. (Id. at 3). Bolano also disclosed that his attorney had billed "6.7 hours at $400" and had incurred $435 in costs. (Id.).

On January 29, 2020, Auto Safe & Sound filed its Verified Summary. (Doc. # 18). The Verified Summary contained the regular hours worked, regular rate of pay, overtime hours worked, overtime rate of pay, regular wages paid, plus any bonus or overtime paid, and Bolano's gross pay for each week

that he worked for Auto Safe & Sound between November 2017 and November 2019. (Id.). As for the last week Bolano worked in October 2019, the Verified Summary showed that he was paid $714.42 total that week but that $892.42 was taken out in "advance deduction (repayment)." (Id. at 7).

On February 13, 2020, the parties filed a notice of settlement. (Doc. # 22). At the Court's direction, the parties now seek approval of the settlement. (Doc. # 26).

## II. Analysis

Bolano alleges that Auto Safe & Sound violated the overtime and minimum-wage provisions of the FLSA. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties have reached a settlement wherein it is agreed that Bolano will receive $753.40, which represents $376.70 for unpaid wages and $376.70 in liquidated damages. (Doc. # 26-1 at 1). It has also been agreed that Bolano's counsel will receive $750 in attorney's fees and $1,185 in costs. (Id.).

In the Motion, the parties represent that the attorney's fees to be paid to counsel were negotiated separately and without regard to the amount to be paid to Bolano for alleged FLSA violations. (Doc. # 26 at 1). According to the Motion,

3

Auto Safe & Sound continues to dispute that any of these amounts are owed, but has entered into this settlement agreement because the costs of defending the action exceed the amount in controversy. (Id. at 1-2). Auto Safe & Sound represents that it has also forgiven amounts that it claims Bolano owed. (Id. at 2).

Pursuant to Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1] The settlement is fair on its face and represents a reasonable compromise of the parties' dispute.

Accordingly, it is

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.

**ORDERED**, **ADJUDGED,** and **DECREED** that**:**

(1) The parties' Joint Motion to Approve Settlement (Doc. # 26) is **GRANTED**.

(2) The parties' settlement is approved. This case is **DISMISSED WITH PREJUDICE.**

(3) The Clerk is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of February, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

5